**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVID A. PERSE,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 05-CV-0561-CVE-SAJ |
| **DAVID PARKER, Warden,** | ) ) ) |
| Respondent. | ) |

**OPNINON AND ORDER**

Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 11). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is timely filed and Respondent's motion to dismiss shall be denied.

As a preliminary matter, the Court finds that because Petitioner is currently in custody under a state court judgment, the proper respondent is the state officer who has custody of Petitioner. See Rule 2(a), *Rules Governing Section 2254 Cases*. The state officer having custody of Petitioner is David Parker, Warden of James Crabtree Correctional Center. Therefore, the Court finds David Parker, Warden, shall be substituted as Respondent. Eric Franklin and the Attorney General of Oklahoma shall be dismissed from this action.

*BACKGROUND*

The record reflects that on May 10, 2004, Petitioner entered blind pleas of guilty in Tulsa County District Court, Case No. CF-2004-0804, to Uttering a Forged Instrument, After Former Conviction of Two or More Felonies (Count 1), and Resisting an Officer (Count 4). See Dkt. # 10,

Ex. A. He was sentenced that day to twenty (20) years imprisonment on Count 1, and to one (1) year imprisonment on Count 4, with the sentences ordered to be served concurrently. Petitioner did not file a motion to withdraw pleas and did not otherwise perfect a *certiorari* appeal.

On November 4, 2004, Petitioner filed a "petition/motion requesting that his judgment and sentence be amended and/or Petitioner's application to have his judgment and sentence amended" (hereinafter, "motion to amend judgment and sentence"). See Dkt. # 10, Ex. B. In his motion to amend judgment and sentence, Petitioner requested that his Judgment be amended to reflect that the sentences were to be served concurrently with a sentence resulting from a parole revocation entered by the Governor. Petitioner cited Okla. Stat. tit. 22, § 976, as authority for his request and asserted that his attorney had told him that the trial judge had considered running the sentences from the two cases concurrently. By Order entered December 3, 2004, the district court judge denied the motion, stating only as follows: "Petition denied. Contrary to Petitioner's assertions, this was a blind plea." See Dkt. # 10, Ex. C. Petitioner did not appeal the ruling.

On May 9, 2005, Petitioner filed an application for post-conviction relief. See www.oscn.net. He filed an amended application for post-conviction relief on May 18, 2005 (Dkt. # 10, Ex. D). In that application, he sought modification of his sentence and/or to withdraw his plea of guilty out of time. By Order filed June 20, 2005 (Dkt. # 10, Ex. A), the state district court denied the application. Petitioner appealed to the Oklahoma Court of Criminal Appeals ("OCCA"). On July 25, 2005, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 10, Ex. F.

The Clerk of Court received the instant petition for writ of habeas corpus for filing on August 17, 2005 (Dkt. # 1).

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues in this case that the one-year limitations period began to run on May 20, 2004, after Petitioner failed to file a motion to withdraw guilty plea within ten (10) days of the pronouncement of sentence on May 10, 2004. Respondent concedes that Petitioner is entitled to tolling under § 2244(d)(2) for the time the proceedings on the application for post-conviction relief filed on May 9, 2005, were pending in state court, but argues that Petitioner is not entitled to tolling for the time his motion to amend judgment and sentence was pending. As a result, Respondent contends that the federal petition for writ of habeas corpus, received for filing by the Clerk of Court on August 17, 2005, is untimely and must be dismissed.

3

The Court disagrees with Respondent and finds that the petition was timely filed. Because Petitioner failed to file a motion to withdraw his guilty plea in Case No. CF-2004-0804, his conviction became final ten (10) days after entry of his Judgment and Sentence, or on May 20, 2004. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on May 20, 2004, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 20, 2005, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

On November 4, 2004, or prior to expiration of the one-year limitations period, Petitioner filed his motion to amend judgment and sentence. Although Respondent argues that the motion does not qualify as an "application for State post-conviction or other collateral review" under the terms of 28 U.S.C. § 2244(d)(2), the Court disagrees. Neither Petitioner nor the state district court judge cited to Oklahoma's Uniform Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080, as authority for the relief sought in the motion. Nonetheless, the provisions of the post-conviction procedure act encompass the relief sought by Petitioner. See Okla. Stat. tit. 22, § 1080. The statute specifically provides that "[e]xcluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence." Id. Petitioner sought modification of his sentence, arguing that the state district court had the authority to order that his sentences be served concurrently and had, in fact, erred in failing to so order. That claim and Petitioner's requested relief are distinguishable from other requests for relief which do not qualify for tolling

4

under § 2244(d)(2). For example, a motion for transcripts generally contains no challenge to the movant's conviction or sentence and does not entitle the movant for tolling under § 2244(d)(2). See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) Similarly, a motion for judicial review pursuant to Okla. Stat. tit. 22, § 982a, does not qualify for tolling because whether to grant relief is discretionary and an order denying relief is not appealable. See Nicholson v. Higgins, 2005 WL 1806446, n.2 (10th Cir. 2005) (unpublished opinion cited pursuant to 10th Cir. R. 36.3(B) for persuasive value). In addition, the OCCA has, in at least one case, construed a motion to amend sentence, similar to the one at issue in this case, as an application for post-conviction relief. See Williams v. State, 87 P.3d 620 (Okla. Crim. App. 2004) (remanding an order denying a pleading titled "motion to amend sentence and modify the same *nunc pro tunc*" to the state district court with instructions to construe the motion as an application for post-conviction relief and to allow Petitioner an opportunity to amend his post-conviction pleadings).

Given the nature of the relief sought by Petitioner in his motion to amend judgment and sentence, the Court finds that the motion qualifies as an "application for State post-conviction or other collateral review" and that pursuant to 28 U.S.C. § 2244(d)(2), Petitioner is entitled to tolling of the limitations period during the pendency of the motion. To hold otherwise would elevate form over substance. Therefore, the running of Petitioner's one-year limitations clock was tolled, or suspended, from November 4, 2004, when Petitioner filed the motion, until December 3, 2004, when the state district court entered the order denying relief, plus an additional thirty (30) days during which Petitioner could have filed an appeal from the denial of the motion, see Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for the thirty days

during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief), for a total of 59 days.

Petitioner is also entitled to tolling of the limitations while proceedings on his application for post-conviction relief, filed May 9, 2005, were pending. The OCCA concluded its post-conviction review by affirming the denial of post-conviction relief on July 25, 2005. Thus, Petitioner's post-conviction proceeding was pending from May 9, 2005, to July 25, 2005, for a total of 77 days.

Combining the 59 days spent pursuing the motion to amend judgment with the 77 days spent pursuing the application for post-conviction relief, the Court finds that, pursuant to § 2244(d)(2), Petitioner is entitled to extend his deadline by a total of 136 days. Thus, Petitioner's deadline for filing a federal petition for writ of habeas corpus was October 3, 2005, or 136 days beyond May 20, 2005. The Clerk of Court received the petition on August 17, 2005, or well in advance of the October 3, 2005, deadline. Therefore, the Court concludes that the petition was timely filed and Respondent's motion to dismiss this petition as time-barred shall be denied. Respondent shall be directed to respond or otherwise plead to the petition.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. David Parker, Warden, is **substituted** as the proper party Respondent.
2. Eric Franklin and the Attorney General of Oklahoma are **dismissed** from this action.
3. The Clerk of Court shall change the party designations to reflect the changes.
4. Respondent's motion to dismiss petition for writ of habeas corpus as barred by the statute of limitations (Dkt. # 9) is **denied**.

5.  Respondent shall **show cause** why the writ should not issue and **file** a response to the petition within thirty (30) days of the entry of this order. <u>Extensions of time will be granted for good cause only</u>. See Rule 4, Rules Governing § 2254 Cases.

6.  Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondent's response. If Respondent files a motion to dismiss, Petitioner has eighteen (18) days from the filing date of the motion to respond. LCvR7.2(e). Failure to respond to a dispositive motion may result in the dismissal of this action. LCvR7.2(f).

**DATED** this 12th day of March, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT